TOBIAS, J.,
concurs in the result.
|¶1 respectfully concur in the result because I do not find that the majority has gone far enough to address all relevant issues in this case.
La. Const, art. I, § 10[1] is not superseded by La. Const, art. XI, § l,[2] and, accord *123 ingly, as long as an individual is a citizen of Louisiana and eighteen years of [2age, an individual citizen must be allowed to determine where he or she should vote because he or she has a meaningful relationship to the place where he or she is registered to vote.
The concept of “permanent registration of voters” in La. Const, art. XI, § 1 is a term of art. The “permanent registration of voters” was originally set forth in the former La. R.S. 18:281-261; following the adoption of the 1974 constitution, many of those statutes were spread throughout various sections of the mandated new Louisiana Election Code, and others were repealed.[3]
Taking into account La. R.S. 18:198 G, 197, 565, 1313,1315, and 1432, the evidence in this case, including the proffered evidence, does not demonstrate that the voters in question were disqualified from voting in the St. Bernard Parish election. Putting aside the timeliness of Mr. Rupp’s objections as correctly analyzed by the majority, because someone filed for a homestead exemption in a parish other than St. Bernard on a specific date does not prove that the person did not thereafter change his domicile and residence back to St. Bernard Parish by returning to St. Bernard Parish after the date of filing for the homestead exemption. Moreover, I am not convinced that La. R.S. 18:101 is not in part irreconcilably in conflict with La. Const, art. I, § 10 (the constitutional provision undermines and/or supersedes the statutory provision). Further, La. R.S. 18:101 does not stand for the proposition that Mr. Rupp wins and is entitled to the relief he seeks if he can show that a sufficient number of voters had a domicile in another parish because those |spersons filed for a homestead exemption in another parish. (After all, we do not know whether those alleged non-domiciliaries voted for or against Mr. Rupp.)

. Section 10 reads:
(A) Right to Vote. Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for conviction of a felony.
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place *123 where the person was convicted and sentenced.
(2) A person actually under an order of imprisonment for conviction of a felony.
(C) Exception. Notwithstanding the provisions of Paragraph (B) of this Section, a person who desires to qualify as a candidate for or hold an elective office, who has been convicted of a felony and who has served his sentence, but has not been pardoned for such felony, shall be permitted to qualify as a candidate for or hold such office if the date of his qualifying for such office is more than fifteen years after the date of the completion of his original sentence. [Emphasis supplied.]

. Section 1 states: "The legislature shall adopt an election code which shall provide for permanent registration of voters and for the conduct of all elections.”

. See Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 96, 102 So.2d 755 767 (1958), and the concordance tables for specific placement of the relevant sections of the former law in the Louisiana Election Code.